IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-46-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JUSTIN DIOR NEWSOME, | ) | |
| | ) | |
| Defendant. | ) | |

On October 28, 2013, pursuant to a written plea agreement, Justin Dior Newsome ("Newsome") pleaded guilty to conspiracy to possess with intent to distribute and distribute 28 grams or more of crack cocaine. See [D.E. 1, 34, 35]. On March 31, 2014, the court held Newsome's sentencing hearing. See [D.E. 46, 47]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Newsome's total offense level to be 23, his criminal history category to be III, and his advisory guideline range to be 120 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Newsome to 108 months' imprisonment. See id.; [D.E. 45, 47]. Newsome did not appeal.

On September 29, 2015, Newsome moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782, and filed a memorandum in support. See [D.E. 51, 52]. Newsome's new advisory guideline range is 46 to 57 months' imprisonment, based on a total offense level of 21 and a criminal history category of III. See Resentencing Report.

Newsome requests a 41-month sentence. See id.; [D.E. 52] 1, 4, 8. On October 28, 2015, the government responded. See [D.E. 54].

The court has discretion to reduce Newsome's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Newsome's sentence, the court finds that Newsome engaged in serious criminal behavior while on supervised release for a federal conviction of conspiracy to possess with the intent to distribute more than 500 grams of cocaine. See PSR [D.E. 43] ¶¶ 5–8. Moreover, Newsome has convictions for possession of cocaine, possession of drug paraphernalia, and conspiracy to possess with the intent to distribute more than 500 grams of cocaine. See id. ¶¶ 13–16. Newsome also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 16, 31–36. Nonetheless, Newsome has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Newsome received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Newsome's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Newsome's motion for reduction of sentence under Amendment 782. See, e.g.,

Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Newsome's motion for reduction of sentence [D.E. 51], and GRANTS Newsome's motion to seal [D.E. 53].

SO ORDERED. This 7 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge